Gregory J. Doan    Bar# 165174
Michael J. Bartlett    Bar# 60523
Doan Law Firm, LLP
25401 Cabot Road, Ste 119
Laguna Hills, CA 92653
Phone (949) 472-0953 • Fax (949) 472-5441

FILED
MAR 11 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorneys for Debtor/Plaintiff, Cecelia Y. Carter

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>Cecelia Y. Carter,<br>_____ | Chapter    13<br><br>Case No    6:08-bk-19838-MJ |
| Cecelia Y. Carter,<br><br>    Plaintiff,<br><br>vs.<br><br>First Franklin, a Division Of<br>National City Bank,<br><br>    Defendant.<br>_____ | Adv. No.:<br><br>**ADVERSARY COMPLAINT TO STRIP LIEN<br>UNDER 11 USC 506 and 11 USC 1322(b)(2)** |

1.    This adversary action relates to the Chapter 13 case of In re Cecelia Y. Carter, Case No. 6:08-bk-19838-MJ, which is pending in the Riverside Division of the Central District Bankruptcy Court. Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC 1334 because this case arises from and is related to the above captioned case under Title 11 U.S.C. This Court has both personal jurisdiction and subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(2), respectively. This Court also has jurisdiction pursuant to 28 USC 1331 in light of the Federal Subject Matter of 11 USC 1322. This action is proper in that it seeks to determine the validity of a

1

Carter Adversary Complaint To Strip First Franklin 2nd TD

1  security interest in real property per FRBP 7001(2) and (9). Venue lies in this District pursuant to 28
2  USC 1391(b). This is a core proceeding.

3      2.    The Debtor, Cecelia Y. Carter ("Debtor"), brings this action against First Franklin, A
4  Division Of National City Bank ("Creditor"). The purpose of this action is to obtain a Judgment of the
5  Court valuing, stripping and declaring null and void the Creditor's lien (2nd TD) on the Debtor's
6  principal residence, since that claim is wholly unsecured.

7      3.    The Debtor has her principal residence in the County of Riverside. It is located at 585
8  Pitcairn St., Riverside, CA 92506. Said property is more particularly described as LOT 1 OF TRACT
9  NO. 32205, AS PER MAP IN BOOK 387, PAGE 43-45 OF MAPS IN THE RECORDS OF
10 RIVERSIDE COUNTY, CALIFORNIA.

11     4.    The moving party is a Debtor under Title 11 of the United States Code, as defined by 11
12 USC 101 (13). The real property that is the subject of this action is the Debtor's principal residence
13 within the definition of 11 USC 101(13A).

14     5.    Defendant, First Franklin A Division Of National City Bank, is a creditor of the Plaintiff
15 as defined by 11 USC 101(10), and said Defendant, or its successors in interest, presently holds two
16 originally secured claims in the Debtor's bankruptcy case as defined by 11 USC 101(5). The Defendant's
17 claims are the following

18     (1)    A Promissory Note secured by a 1st Trust Deed on the Debtor's principal residence in
19 favor of First Franklin. Plaintiff is informed and believes that when her Chapter 13 case was filed, the
20 balance owing on this obligation, including arrearage, was in the approximate amount of $791,517.00.
21 A portion of the Proof of Claim filed by the Defendant on this obligation is attached hereto as Exhibit 1,
22 and pursuant to Rule 201 of The Rules Of Evidence For United States Courts And Magistrates ("Rules
23 of Evidence"), the Court is requested to take judicial notice of the full First Franklin Proof Of Claim.
24 Plaintiff is informed and believes the described Promissory Note and Deed of Trust are valid and allege
25 that the Deed of Trust constitutes the senior lien against the Plaintiff's described residence.

26

27                                                              2

28                       Carter Adversary Complaint To Strip First Franklin 2nd TD

(2)    A Promissory Note secured by a 2nd Trust Deed on the Debtor's principal residence in favor of First Franklin. Plaintiff is informed and believes that when her Chapter 13 case was filed, the balance owing on this obligation, including arrearage, was in the approximate amount of $73,439.78. A portion of the Proof of Claim filed by the Defendant on this obligation is attached hereto as Exhibit 2, and pursuant to Rule 201 of The Rules Of Evidence, the Court is requested to take judicial notice of the full Proof Of Claim. Plaintiff is informed and believes the described Promissory Note and Deed of Trust are valid and allege that this Trust Deed constitutes the junior lien against the Plaintiff's described residence.

6.    The Plaintiff/Debtor filed for Chapter 13 relief on August 4, 2008.

7.    The Plaintiff/Debtor's principal residence was valued at $700,000.00 by her on the date of the Order for Relief. This value was established by the Debtor's Petition and schedules under oath. True copies of Schedules A and D are attached hereto as Exhibits 3 and 4, respectively, and pursuant to Rule 201 of The Rules Of Evidence, the Court is requested to take judicial notice of them. Shortly before the filing of the Plaintiff/Debtor's lien strip motion she obtained a professional appraisal, and it establishes that the fair market value of the Plaintiff/Debtor's described property was $665,000.00 when the Debtor's Chapter 13 case was filed in August 2008. The Defendant's claim that is evidenced by a Promissory Note and the 2nd Trust Deed was shown as a general unsecured claim in Schedule F of the Debtor's Chapter 13 filing. A true copy of the portion of Schedule F that contains the referenced claim is attached hereto as Exhibit 5, and pursuant to Rule 201 of The Rules Of Evidence, the Court is requested to take judicial notice of that Schedule F.

8.    While Defendant First Franklin or its successor in interest might appear to have a claim secured by a valid 2nd Trust Deed on the Plaintiff/Debtor's principal residence, such claim is in fact wholly unsecured. The Defendant is not the holder of a secured claim since no claim exists against any value in the principal residence after the first trust deed's interest is satisfied.

9. Pursuant to Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 2002 U.S. App. LEXIS 26581, 2002 Cal. Daily Op. Service 12656, 2002 D.A.R. 14601, 40 Bankr. Ct. Dec. (LRP) 164, Bankr. L. Rep. (CCH) P78767, 49 Collier Bankr. Cas. 2d (MB) 1010 (9th Cir. Cal. 2002), a wholly unsecured lienholder is not entitled to the "anti-modification" protections of 11 U.S.C. § 1322(b)(2). 11 USC 1322(b)(2) provides in pertinent part that a Chapter 13 Plan may:

> *"modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims"*

10. 11 USC 1322(b)(2) permits a chapter 13 plan to modify the rights of an unsecured claim holder and/or claims not secured against principal residence real property. 11 USC 506 provides in pertinent part

> *"(a) (1) An allowed claim of a Defendant secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS § 553], is a secured claim to the extent of the value of such Defendant's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such Defendant's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such Defendant's interest."*
>
> *"(D) To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void..."*

11. The Defendant has no valuable interest whatsoever in the Debtor's principal residence resulting from its claim that is represented by the Defendant's described 2nd Deed of Trust.

12. As a result of the fact that the current amount secured by the 1st Trust Deed on the subject property exceeded the fair market value of the property on the date the Debtor/Plaintiff's Chapter 13 case was filed, the Defendant has a wholly unsecured claim that is represented by its described Promissory Note and 2nd Trust Deed.

13. The Plaintiff/Debtor's chapter 13 Plan provides for the modification of Defendant's wholly unsecured 2nd Trust Deed claim to unsecured status pursuant to 11 USC 1322(b)(2). The Defendant is not the holder of a secured claim pursuant to 11 USC 506(a), and since the Defendant does not have an allowed secured claim resulting from its 2nd Trust Deed, then the lien based on such claim is void for the purpose of the Plaintiff/Debtor's bankruptcy case pursuant to 11 USC 506(d).

WHEREFORE, the Plaintiff having set forth her claim for relief against Defendant First Franklin and its assignees and successors in interest, she respectfully prays that this Court grant the following relief against Defendant First Franklin and its assignees, transferees and successors in interest:

1. A declaration that the real property at 585 Pitcairn, Riverside, California is the primary residence of the Plaintiff, and said property was her primary residence when her Chapter 13 case was filed. And a further declaration that the fair market value of said property was not more than $665,000 on the date when the Plaintiff's chapter 13 case was filed;

2. A declaration that the claim of Defendant First Franklin and its assignees and successors in interest that is evidenced by the Promissory Note and Trust Deed in paragraph 5(1) above (1st TD), and in the Proof of Claim attached hereto as Exhibit 1, is valid and represents a claim against the Plaintiff's real property in the approximate amount of $791,517.00, and that said claim is secured by a valid Trust Deed against the Plaintiff's real property;

3. A declaration that the First Franklin lien described in paragraph 2 of this prayer (1st TD) is, and was at all material times, senior to all other liens attached to the Plaintiff's described real property;

5

Carter Adversary Complaint To Strip First Franklin 2nd TD

3. A declaration that the claim of Defendant First Franklin that is evidenced by its Promissory Note and in the related First Franklin Proof of Claim attached hereto as Exhibit 2, is valid and represents a general unsecured claim against the Plaintiff's bankruptcy estate in the approximate amount of $73,439.00, and that said claim is wholly unsecured by way of the related Trust Deed against the Plaintiff's real property;

4. A declaration that the First Franklin Promissory Note and 2nd Trust Deed constitute a wholly unsecured general claim against the Debtor/Plaintiff and the bankruptcy estate;

5. A declaration that Defendant First Franklin's described lien (2nd Trust Deed) is void for the purposes of this Chapter 13 case, and that it has no further force or effect against the Debtor's principal residence;

6. Such other and further relief as the Court may deem just and proper.

Dated: February 18, 2009

**DOAN LAW FIRM, LLP**

By: /s/ Michael J. Bartlett
For the Plaintiff

Exhibit 1

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Cecelia Y. Carter | Case Number: 6:08-bk-19838-MJ |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
HOME LOAN SERVICES, INC., as servicing agent for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. Solely as Nominee for FIRST FRANKLIN, its successors and/or assigns

Name and address where notices should be sent:
4375 Jutland Drive, Suite 200
San Diego, CA 92117

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
Home Loan Services, Inc.
Bankruptcy Department, 24-040 150 Allegheny Center Pittsburgh, PA 15212-5356

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $   791,517.04

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  __MONEY LOANED__
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: __xxxxxx9538__

  3a. Debtor may have scheduled account as: _____
  (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

  Nature of property or right of setoff:   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
  Describe:  585 Pitcairn St, Riverside, CA 92506

  Value of Property: $_____   Annual Interest Rate 0.00 %

  Amount of arrearage and other charges as of time case filed included in secured claim,
  if any: $ 42,614.92   Basis for perfection: _____

  Amount of Secured Claim: $ 791,517.04   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 09/15/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>/s/ Janeane L. Phelps | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Recording Requested By:
First American Title - NHS

RECORDING REQUESTED BY
FINAL LOAN DOCS

AND WHEN RECORDED MAIL TO

FIRST FRANKLIN
c/o SECURITY CONNECTIONS
1935 INTERNATIONAL WAY
IDAHO FALLS, ID 83402

DOC # 2006-0526875
07/19/2006 08:00A Fee:54.00
Page 1 of 16
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



# DEED OF TRUST

MIN: 100425240009177962

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated    July 14, 2006    , together with all Riders to this document.

(B) "**Borrower**" is CECELIA CARTER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

Borrower is the trustor under this Security Instrument.

(C) "**Lender**" is FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN
Lender is a National Association                                                      organized and existing under
the laws of United States of America                                                  . Lender's address is
2150 NORTH FIRST STREET, SAN JOSE, California 95131

(D) "**Trustee**" is FIRST AMERICAN TITLE COMPANY

(E) "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "**Note**" means the promissory note signed by Borrower and dated    July 14, 2006    . The Note states that Borrower owes Lender Seven Hundred Fifty Thousand and no/100
                    Dollars (U.S. $750,000.00    ) plus interest. Borrower has promised
to pay this debt in regular Periodic Payments and to pay the debt in full not later than    August 01, 2036

(G) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3005 1/01
ITEM 9928L1 (0011)—MERS MFCA3114            (Page 1 of 12 pages)                GreatDocs™
                                                                    To Order Call: 1-800-968-5775

Exhibit 2

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT __Central__ DISTRICT OF_California_ ( Riverside ) | PROOF OF CLAIM |
|---|---|

Name of Debtor: Cecelia Y. Carter   Case Number: 6:08-bk-19838-MJ

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
First Franklin

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Home Loan Services, Inc.
150 Allegheny Center
Pittsburgh, PA 15212

Court Claim Number:_____
(*If known*)

Telephone number: (412) 918-7324

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 73,439.78

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Note Dated 7/14/06
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9676    ( H.071-080 )

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☒ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: 585 Pitcairn Street, Riverside, California

Value of Property:$_____    Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ 807.77    Basis for perfection: Note and Deed of Trust

Amount of Secured Claim: $ 73,439.78    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 08/23/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. **Polk, Prober & Raphael, A Law Corporation /s/ Sandra Martell** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 3

B6A (Official Form 6A) (12/07)

In re **Cecelia Y Carter**                                                                 Case No. **6:08-bk-19838-MJ**
                                    Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**585 Pitcarin St**<br>**Riverside, CA 92506** | Fee simple | - | 700,000.00 | 763,269.00 |

|  |  |  |
|---|---|---|
|  | Sub-Total >  **700,000.00** | (Total of this page) |
|  | Total >  **700,000.00** |  |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Exhibit 4

B6D (Official Form 6D) (12/07)

In re  **Cecelia Y Carter**                                              ,     Case No.  **6:08-bk-19838-MJ**
                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
   List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
   If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
   Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.
   ☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>Ford Motor Credit<br>PO Box 7289<br>Pasadena, CA 91109-7389 | | - | 2006<br><br>2006 Lincoln Mark LT P/U<br><br><br>Value $          9,800.00 | | | | 4,023.00 | 0.00 |
| Account No. xxxxxxxxx9538<br><br>National City Bank<br>Attention: Bankruptcy Department<br>6750 Miller Road<br>Brecksville, OH 44141 | | - | 7/06<br><br>First Mortgage<br><br>Single Family Residence<br>585 Pitcarin St<br>Riverside, CA 92506<br>Value $        700,000.00 | | | | 747,969.00 | 47,969.00 |
| Account No.<br><br>Paul McDonnell<br>Riverside County Treasurer<br>PO Box 12010<br>Riverside, CA 92502-2210 | | - | 7/05<br><br>Property Taxes<br><br>Single Family Residence<br>585 Pitcarin St<br>Riverside, CA 92506<br>Value $        700,000.00 | | | | 15,300.00 | 15,300.00 |
| Account No.<br><br><br><br> | | | <br><br><br><br>Value $ | | | | | |

| | Subtotal<br>(Total of this page) | 767,292.00 | 63,269.00 |
|---|---|---|---|
| **0** continuation sheets attached | Total<br>(Report on Summary of Schedules) | 767,292.00 | 63,269.00 |

Exhibit 5

B6F (Official Form 6F) (12/07) - Cont.

In re  Cecelia Y Carter , Case No. __6:08-bk-19838-MJ__
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx4502<br><br>J J Mac Intyre Co Inc<br>1801 California Ave<br>Corona, CA 92881 | | - | 5/08<br>Collection : Universal Self Storage/Corona | | | | 1,000.00 |
| Account No. CARx1261<br><br>Kimball Tirey Stjohn<br>1202 Kettner Blvd Fl 5<br>San Diego, CA 92101 | | - | 4/07<br>Collection : Homecoming Iii   Eastvale | | | | 912.00 |
| Account No. xxxxxxxx5000<br><br>Lowes / MBGA<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | | - | 12/00 - 6/08<br>Misc. Charge Card Purchases | | | | 1,765.00 |
| Account No. xxxxxxxx9676<br><br>National City Bank<br>Attention: Bankruptcy Department<br>6750 Miller Road<br>Brecksville, OH 44141 | | - | 7/06<br>Single Family Residence<br>585 Pitcarin St<br>Riverside, CA 92506 | | | | 72,675.00 |
| Account No. xxxxxxxx5868<br><br>Sams Club<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | | - | 3/04 - 7/08<br>Misc. Charge Card Purchases | | | | 1,710.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of  
Creditors Holding Unsecured Nonpriority Claims

Subtotal  
(Total of this page)    78,062.00

FORM B104 (08/07)                             2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CECELIA Y. CARTER | **DEFENDANTS**<br>FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gregory J. Doan & Michael J. Bartlett  Doan Law Firm<br>25401 Cabot Road, Suite 119, Laguna Hills, CA 92653<br>(949) 472-0593 | **ATTORNEYS** (If Known)<br>Cassandra J. Richey, Polk, Prober & Raphael A Law Corp.<br>20750 Ventura Blvd., Ste 100, Woodland Hills, CA 91364<br>(818) 227-0100 |
| **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint To Value & Strip Lien (2nd mortgage) of First Franklin

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>CECELIA Y. CARTER | | **BANKRUPTCY CASE NO.**<br>6:08-bk-19838 |
| **DISTRICT IN WHICH CASE IS PENDING**<br>CENTRAL DISTRICT OF CALIFORNIA | **DIVISIONAL OFFICE**<br>RIVERSIDE | **NAME OF JUDGE**<br>M. JURY |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF**<br>CECELIA Y. CARTER | **DEFENDANT**<br>FIRST FRANKLIN | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING**<br>CENTRAL DISTRICT OF CALIFORNIA | **DIVISIONAL OFFICE**<br>RIVERSIDE | **NAME OF JUDGE**<br>M. JURY |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>2/16/09 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Michael J. Bartlett | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.